**Luis Alberto Avila REYES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70138.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

Evelyn G. Zneimer, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, M. Jocelyn Wright, Esq., Barry J. Pettinato, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Luis Alberto Avila Reyes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

"Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000) (quotation marks and citation omitted). The BIA did not adopt the IJ's adverse credibility finding, so we review for substantial evidence only the Board's determination that Avila failed to meet his "burden of proving eligibility for asylum and ... withholding of removal." *See Baballah v. Ashcroft*, 367 F.3d 1067, 1073 (9th Cir.2004).

An asylum applicant must prove eligibility with credible, direct, and specific evidence. *See Molina–Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001). Substantial evidence supports the BIA's determination that Avila did not meet this burden. Avila's testimony and documentary evidence are not direct and specific enough to

---

prove that he was persecuted on account of political opinion or particular social group membership.

Moreover, "a petition must be denied unless the evidence [is] so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (quotation marks and citation omitted). Avila has not met this standard. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998).

By failing to qualify for asylum, Avila necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). In addition, Avila is not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured if returned to Mexico. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Avila's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the