**Rupinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–70977.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, William M. Martin, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Rupinder Singh ("Singh"), a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility determination for substantial evidence, *Malhi v.*

*INS,* 336 F.3d 989, 992–93 (9th Cir.2003), and deny the petition for review.

Substantial evidence supports the IJ's decision. Singh's testimony was not credible because it was inconsistent, unresponsive, and lacked specificity. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999). Moreover, substantial evidence supports the adverse credibility finding based on Singh's failure to identify himself. *See Singh–Kaur,* 183 F.3d at 1152–53; *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where the IJ's "credibility findings went to key elements of the asylum application, including identity . . . ."). Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.