**Zoila Rosalina Fuentes De CI-FUENTES; Alberto Cifuentes Garcia, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73122.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Arielle N. Bases, Esq., Law Office of Arielle Bases, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Allen W. Hausman, Attorney, Terri Leon–Benner, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

### MEMORANDUM**

Alberto Cifuentes Garcia, along with his wife, Zoila Rosalina Fuentes de Cifuentes,[1] natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of asylum, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir. 2003), and we deny the petition for review.

Garcia testified that Guatemalan guerillas threatened him and beat his wife and children in order to stop him from organizing civil defense patrols in his town.

Substantial evidence supports the IJ's conclusion that petitioners did not demonstrate past persecution on account of an enumerated ground. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1028–29 (9th Cir.2000) (stating that persecution occurring because a person is a member of the military is not persecution on account of a statutory ground).

In addition, Garcia's admission that he told the asylum officer that he did not fear returning to Guatemala undercuts his claimed fear of future persecution. *See Montecino v. INS*, 915 F.2d 518, 521 (9th Cir.1990) (noting that asylum applicant must show a subjective and objective fear of persecution and emphasizing the importance of the applicant's subjective state of mind). Additionally, the IJ properly relied upon a State Department Country Report to determine that conditions in Guatemala have changed such that Garcia's fear of future persecution is not objectively reasonable. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003).

Petitioners' constitutional challenge to the BIA's streamlining regulations is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003). The panel need not consider separately whether the BIA erred by streamlining petitioners' case because substantial evidence supports the IJ's denial of petitioners' application

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Mrs. Cifuentes' claim is derivative of her husband's claim.

for relief. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004) (explaining that the merits determination and decision to streamline ordinarily collapse into one another).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

Petitioners' motion to hold this case in abeyance is denied.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.