**Muhamad LUQMAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Madyan Muflichun, Petitioner,**

v.

**John Ashcroft, Attorney General, Respondent.**

**Nurul Fadjrjah Fibriarti, Petitioner,**

v.

**John Ashcroft, Attorney General, Respondent.**

Nos. 02–72167 to 02–72169.
Agency Nos. A79–194–162, A79–194–171 and A79–194–173.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 19, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Muhamad Luqman, Everett, WA, Pro se.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Seattle, WA, David V. Bernal, Attorney, Richard M. Evans, Esq., Jocelyn Lopez Wright, Susan Houser, Esq. DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Madyan Muflichun, his sister Nurul Fadjrjah Fibriarti, and her husband Muhamad Luqman, all natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' summary affirmance of the immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The petitioners' applications have been consolidated and Mr. Muflichun has been designated as the lead petitioner.

We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's asylum eligibility determination for substantial evidence, *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004), and review due process claims de novo, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the IJ's determination that the Petitioners did not demonstrate persecution on account of an enumerated ground. Petitioners base their claim on Muflichun's testimony that he was attacked by militant Christians who stopped him on the street and asked if he was a militant Muslim before beating him so badly he had to be hospitalized. Because Muflichun never saw his attackers again, and could only speculate as to their identity, the record supports the IJ's finding that the violent attack against him, while unfortunate, was nothing more than an isolated "act of random violence during a period of significant strife." *Rostomian*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000). Furthermore, the IJ's conclusion that Petitioners had no basis for a well-founded fear of future persecution is supported by the fact that Petitioners were members of the Muslim Indonesian majority, and lived in Indonesia both before and after the incident without being singled-out or harmed on account of their religion or ethnicity. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000) (Petitioner's fear undermined by two-year stay in country after incidents of harm); *see also Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) ("An applicant's claim of persecution upon return is weakened … when similarly-situated family members continue to live in the country without incident.").

Because Petitioners did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Their CAT claim also fails because they did not show that it would be more likely than not that they would be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Petitioners' due process challenge to the BIA's streamlining procedures is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852–55 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW in No. 02–72167 DENIED.**

**PETITION FOR REVIEW in No. 02–72168 DENIED.**

**PETITION FOR REVIEW in No. 02–72169 DENIED.**