**Diana TANUDJAJA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73570.

Agency No. A75–670–049.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.\*

Decided Dec. 10, 2004.

Diana Tanudjaja, Laguna Hills, CA, pro se.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM\*\*

Diana Tanudjaja, a native and citizen of Indonesia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). She is an ethnically Chinese Catholic. We have jurisdiction under 8 U.S.C. § 1252, and we review for substantial evidence. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because the BIA made its own findings regarding asylum but adopted the IJ's findings regarding eligibility for withholding of removal and relief under the CAT, we review both decisions. *See Wang v. Ashcroft*, 341 F.3d 1015, 1020 (9th Cir.2003). We deny the petition.

Substantial evidence supports the BIA's finding that the harm Tanudjaja suffered did not rise to the level of past persecution. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995). Substantial evidence also supports the BIA's finding that Tanudjaja

---

failed to demonstrate a well-founded fear of persecution because she failed to show the "comparatively low" *individualized* risk required by *Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004).

Because Tanudjaja failed to establish eligibility for asylum, she necessarily fails to meet the requirements for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254–55 (9th Cir.2003).

Substantial evidence also supports the IJ's determination that Tanudjaja failed to demonstrate that it is more likely than not that she would be tortured if removed to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Tanudjaja's challenge to the BIA's streamlining procedure is belied by the record and would be foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.