**Injang Garnadi TEE; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72129.

Agency Nos. A77–374–632, A77–374–631.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Robert G. Ryan, Law Offices of Eugene C. Wong, P.C., San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Terri J. Scadron, Esq., Leslie McKay, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Injang Garnadi Tee, an Indonesia citizen of Chinese ethnicity, and his wife, Swandriati Lie, also an Indonesian citizen of Chinese ethnicity, petition for review of the order of the Board of Immigration Appeals affirming without opinion the decision of the Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the

Convention Against Torture ("Convention"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Sael v. Ashcroft*, 386 F.3d 922, 924 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's conclusion that the petitioners were not subjected to persecution in Indonesia. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995). Substantial evidence also supports the IJ's finding that petitioners failed to demonstrate a well-founded fear of future persecution because they failed to show the "comparatively low" *individualized* risk required by *Sael*, 386 F.3d at 927. Because petitioners failed to establish eligibility for asylum, they necessarily fails to meet the requirements for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254–55 (9th Cir.2003).

Substantial evidence also supports the IJ's conclusion that petitioners are not entitled to relief under the Convention because they failed to demonstrate that it is more likely than not that they will be tortured if returned to China. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

We review de novo the petitioners' contention that the IJ denied them due process by having a general rule against closing argument. *See Padilla v. Ashcroft*, 334 F.3d 921, 923 (9th Cir.2003). This contention fails because the record indicates that despite this general rule, counsel made a brief closing argument to the IJ. In addition, the petitioners failed to specify in their opening brief what prejudice allegedly resulted from presenting a limited closing argument. *See id.* at 924–25.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004), petitioners' motion

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued pursuant to the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the