**Sarbjeet Kaur BHULLAR, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 04–71393.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 3, 2005.**

Decided Feb. 25, 2005.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; Norah Ascoli Schwarz, Esq., and Shelley R. Goad, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM ***

Sarbjeet Kaur Bhullar, a native and citizen of India, petitions for review from the summary affirmance by the Board of Immigration Appeals ("BIA") of the opinion of an Immigration Judge ("IJ"), denying her application for asylum, withholding, and Convention Against Torture relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the IJ's decision because the BIA affirmed summarily. *See Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). The IJ found Bhullar not credible, and that determination must be supported by substantial evidence and "a legitimate articulable basis to question the petitioner's credibility, and ... a specific, cogent reason for any stated disbelief." *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003) (quotations omitted). "The discrepancies must go to the heart of the asylum claim." *Id.* at 992–93.

The IJ's decision met this standard. The IJ noted that Bhullar was not credible because she failed to explain why she had obtained her passport before any claimed police persecution. He found it incredible that after three years of marriage, Bhullar would not know her husband's immigration status or even when he arrived in the United States. Her corroborating documents were extremely general and vague, lacking even a birth certificate for her brother. Further, Bhullar presented no evidence of her medical treatment and there was no mention of her arrest in any of the supporting documents. *See id.* at 993. The IJ presented legitimate, specific and cogent reasons for his credibility determination, and nothing "compels" us to

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

believe Bhullar when the IJ did not. *See id.*

PETITION FOR REVIEW DENIED.