**Jagraj SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–72497.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 13, 2005.

Surjit Singh, Law Office of Surgit Singh, Apc, Anaheim, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ernesto H, Molina, Jr., Russell J.E. Verby, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Jagraj Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review credibility findings under the "substantial evidence" standard. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determinations, including the inconsistencies within Singh's testimony regarding his religious or political affiliations, the alleged acts of torture, and his subsequent medical treatment. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004); *Singh–Kaur,* 183 F.3d at 1151–52. Singh has not shown that the documentary evidence compelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Because Singh did not testify credibly, he did not establish eligibility for asylum. *See Mejia–Paiz v. INS,* 111 F.3d 720, 723–24 (9th Cir.1997). It follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Because Singh failed to credibly demonstrate that it was more likely than not that he would be tortured if he returned to India, the IJ properly denied his CAT claim. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

