**Cai Bin Mei LIN, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 03–72463.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2005.\*\*

Decided May 18, 2005.

Benjamin F. Hughes, Shearman & Sterling LLP, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margaret Perry, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, RAWLINSON, and BYBEE, Circuit Judges.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM \*\*\*

Cai Bin Mei Lin (Lin), a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) affirmance of an immigration judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

The BIA sufficiently discussed Lin's claim individually to allow review of its decision. *See Ghaly v. INS*, 58 F.3d 1425, 1430–31 (9th Cir.1995).

Substantial evidence supports the BIA's determination that Lin was ineligible for asylum because she failed to show an objectively well-founded fear of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir.2005). In particular, Lin did not show that the harm she fears would be perpetrated by the government or by forces that the government is unable or unwilling to control. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir.2004).

Because Lin did not show eligibility for asylum, she necessarily fails to meet the higher burden of demonstrating eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Lin also did not demonstrate eligibility for relief under CAT because she did not show that it is more likely than not that she would be tortured if returned to China. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\*\*\* This panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a)(2).