**Manya AVAKIMYAN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70791.

Agency No. A95–400–468.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 23, 2005.

Manya Avakimyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM\*\*\*

Manya Avakimyan, a native of the former Soviet Union and citizen of Armenia, petitions pro se for review the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003), and deny the petition for review.

■ Significant internal inconsistencies in Avakimyan's testimony, discrepancies between her testimony and her asylum application, and conflicting testimony offered by a relative with whom Avakimyan lives, support the IJ's adverse credibility determination. *See Malhi v. INS,* 336 F.3d 989, 993–95 (9th Cir.2003). These inconsistencies went to the heart of Avakimyan's claim as they related to the circumstances surrounding the alleged assaults, the number of times she and her husband were detained, and the extent of persecution she allegedly suffered on account of her religion. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Without credible testimony, the record lacks evidence to support a determination that Avakimyan suffered past persecution or has a well-founded fear of future persecution. *See Mejia–Paiz v. INS,* 111 F.3d 720, 724 (9th Cir.1997).

■ Because Avakimyan failed to prove eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos,* 332 F.3d at 1255.

■ Avakimyan also failed to establish eligibility for CAT relief because she did not show it was more likely than not that she would be tortured if returned to Armenia. *See* 8 C.F.R. § 208.16(c)(2); *Farah v.*

*Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003).

PETITION FOR REVIEW DENIED.