**Surjit Singh LALLY, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71522.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William Campbell Erb, Jr., Attorney, Mark C. Walters, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Surjit Singh Lally, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), and deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Lally's testimony was vague and implausible. *See id.* at 1152–53. Because Lally did not testify credibly, he did not estab-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

lish eligibility for asylum or withholding of removal. *See Mahli v. INS*, 336 F.3d 989, 992 (9th Cir.2003). We do not consider Lally's contention that he is eligible for relief under the Convention Against Torture as he never applied for such relief.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.