**Jarnail SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71447.**

United States Court of Appeals, Ninth Circuit.

Submitted: Aug. 10, 2004.*

Decided Sept. 21, 2004.

Anju Multani, Downey, CA, for Petitioner.

Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Carl H. McIntyre, Jr., Regina Byrd, Attorney, Marion E. Guyton, Attorney, Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and LEAVY, Circuit Judges.

MEMORANDUM **

Jarnail Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) summary affirmance without opinion of the order of an Immigration Judge (IJ) denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and a denial of asylum, and we uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. Singh did not give consistent or complete explanations regarding when he lost his passport, how he was able to fill out his asylum application with numerical information from his lost passport, and who actually prepared and signed his asylum application. These incomplete explanations, as well as the IJ's observation of Singh's visible nervousness when answering questions about his passport, provide substantial support for denying his asylum application on the basis of an adverse credibility finding. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004).

Because Singh did not establish eligibility for asylum, he did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000). Substantial evidence supports the IJ's conclusion that Singh is not entitled to relief under the CAT because he did not demonstrate that it is more likely than not that he would be tortured upon return to India. *See Malhi*, 336 F.3d at 993.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

