Sugiarto LASJIM, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71200.

Agency No. A75–665–860.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Warren M. Winston, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Jeffrey J. Bernstein, Office Of Immigration Litigation Civil Division, Department Of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM**

Sugiarto Lasjim, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the order of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review the IJ's decision as the final agency determination. *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004). We review for substantial evidence and will overturn the agency's decision only if the evidence compels such a result. *Id.* We deny the petition for review.

Substantial evidence supports the IJ's decision because random acts of violence during a period of general strife do not establish persecution. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000). "Generalized lawlessness and violence between diverse populations" is an insufficient basis for asylum. *Singh v. INS*, 134 F.3d 962, 967 (9th Cir.1998). In addition, Lasjim failed to establish a sufficient basis for his fear of future persecution because he testified that Indonesian police had protected him from anti-Chinese violence during the height of such violence, and both he and his sister testified that his parents remain unharmed in Jakarta. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir.1996) (discussing relevance of evidence concerning family members who remain in home country).

Because Lasjim failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1031 (9th Cir.2000). Lasjim also failed to establish eligibility for relief under CAT because he failed to show it was more likely than not that he would be tortured if removed to Indonesia. *See* 8 C.F.R. § 208.16(c)(2)(4); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.