**Armen MINASSIAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73601.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Melanie M. Yang, Esq., Rose, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Earle B. Wilson, Robbin K. Blaya, Esq., U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Armen Minassian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We dismiss the petition in part and deny the petition in part.

Substantial evidence supports the IJ's adverse credibility determination. Minassian's testimony about events in Armenia was inconsistent with his statements in his asylum interview. The discrepancies relate to the basis of his alleged fear of persecution and go to the heart of his asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Because Minassian's testimony was not credible and he did not provide easily available corroborating evidence, substantial evidence supports the IJ's determination that Minassian failed to satisfy his burden of proving his asylum case. *See id.* at 1045.

By failing to qualify for asylum, Minassian necessarily failed to satisfy the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc).

We reject Minassian's contention that the BIA's decision is mere "boilerplate." The decision contains an adequate statement of its reasons for denying relief so that this court may properly conduct its review. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995).

Because the BIA did not apply its streamlining regulations to Minassian's case, his contention that the streamlining procedure violated his due process rights is belied by the record.

This court lacks jurisdiction to review the IJ's denial of voluntary departure. *See* 8 U.S.C. § 1229c(f); *see also Alvarez–*

---

* This panel unanimously finds this case suitable for decision without oral argument. Therefore, petitioner's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

*Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Because Minassian has not prevailed in this court, his request for attorney fees under the Equal Access to Justice Act is denied. *See* 28 U.S.C. § 2412(d)(3).

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.