**Ajit Singh VIRDI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71761.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

138

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Peter D. Keisler, Esq., Terri J. Scadron, Esq., Earle B. Wilson, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Ajit Singh Virdi, a native and citizen of India, petitions for review of the denial by the Board of Immigration Appeals ("BIA") and Immigration Judge ("IJ") of his claims for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and will uphold the decisions unless the evidence compels a contrary conclusion, *INS v. Elias–Zacharias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

▮ Taking Virdi's testimony as credible, *see Hartooni v. INS*, 21 F.3d 336, 342–43 (9th Cir.1994), substantial evidence supports the IJ's and BIA's conclusion that conditions have changed in India such that Virdi does not have a well-founded fear of persecution. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003) (upholding a denial of asylum based on changed country conditions where the agency rationally construed State Department report). Moreover, the State Department reports indicate that neither Virdi's membership in the Shiromani Akli Dal, nor his brother's membership in the All–India Sikh Student Federation alone "compel" a finding of a well-founded fear of persecution. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Because Virdi failed to establish eligibility for asylum, his withholding of removal claim is necessarily foreclosed. *See id.*

We decline to address Virdi's claim under the Convention Against Torture because he did not exhaust administrative remedies on this claim. *See Ndom v. Ashcroft*, 384 F.3d 743, 756 n. 8 (9th Cir.2004).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Virdi's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire on issuance of this court's mandate.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.