**Gursant Singh GREWAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73723.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Fed. R.App. P. 34(a)(2).

Regional Counsel, Emily A. Radford, Esq., Thomas K. Ragland, Esq., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Gursant Singh Grewal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review an adverse credibility finding for substantial evidence and will uphold the decision unless the evidence compels a contrary conclusion. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the IJ's decision. Grewal admitted to lying under oath to the asylum officer, and submitted an application that was false and contradictory to a second application. *See Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997) (upholding credibility finding based on discrepancies between two asylum applications relating to the alleged fear of persecution); *Al–Harbi v. INS,* 242 F.3d 882, 889–90 (9th Cir.2001) (upholding credibility finding based on applicant's "propensity to change his story regarding incidents of past persecution"). Because the IJ had reason to question Grewal's credibility, he could properly require corroborating evidence, and Grewal has not shown that the evidence he presented com-

pelled a contrary conclusion in order to overcome the special deference accorded to credibility determinations. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003); *Chebchoub v. INS,* 257 F.3d 1038, 1044–45 (9th Cir.2001) (corroborating evidence from individuals in the United States should be "easily available"); *Sidhu v. INS,* 220 F.3d 1085, 1089–91 (9th Cir.2000) (IJ could properly fault applicant for failing to produce critical corroborating witness from nearby suburb).

Because Grewal failed to establish eligibility for asylum, he necessarily failed to meet the more rigorous standard for withholding of removal. *See Leon–Barrios,* 116 F.3d at 394.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

