**Tuty OEYONO; Djoko Suharsono,**
**Petitioners,**

v.

**Alberto GONZALES,\* Attorney**
**General, Respondent.**

**No. 03–74574.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 15, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**772**

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jonathan F. Potter, Office of Immigration Litigation Civil Division, Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

### MEMORANDUM ***

Tuty Oeyono and Djoko Suharsono, husband and wife, are natives and citizens of Indonesia. They petition for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The IJ made no express credibility finding. Taking all of the petitioners' testimony as true, we conclude that the harm that Oeyono suffered did not rise to the level of past persecution. *See Prasad*

*v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995); *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995). In addition, substantial evidence also supports the conclusion that petitioners failed to demonstrate a well-founded fear of future persecution because they failed to show the "comparatively low" individualized risk required by *Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004).

Because petitioners did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Substantial evidence supports the IJ's denial of petitioners' CAT claim. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure as to Suharsono. Because the stay of removal was granted based on the government's filing of a notice of non-opposition, the voluntary departure period for Suharsono was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

### PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.