**Xiangshan YUAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73216.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 21, 2005.

———————

Kevin G. Long, Monterey Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Xiangshan Yuan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA made an independent determination of whether relief is appropriate, this Court reviews the decision of the BIA. *See Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny this petition for review.

Even assuming that Yuan testified credibly, we conclude that substantial evidence supports the BIA's conclusion that Yuan failed to establish that he suffered harm on account of a protected ground. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1044–45 (9th Cir.2004); *see also Sangha v. INS,* 103 F.3d 1482, 1491 (9th Cir.1997) (concluding that petitioner failed to show that he faced problems on account of his political opinion).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The court will not consider the contentions that Yuan makes based on "new and drastic developments in China" because they are not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Fisher v. INS,* 79 F.3d 955, 963 (9th Cir.1996) (en banc).

Because Yuan did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the BIA's conclusion that Yuan failed to establish eligibility for CAT relief. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

