**Hasmik KALAJYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73024.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Hasmik Kalajyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Joan E. Smiley, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Hasmik Kalajyan, a native and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") per curiam opinion dismissing her appeal and affirming the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition in part, deny in part, and remand.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Substantial evidence does not support the BIA's adverse credibility determination because it is based on speculation and conjecture, *see Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000), and discrepancies that cannot be viewed as attempts to enhance the claims of persecution, *see Singh v. Ashcroft*, 362 F.3d 1164, 1171 (9th Cir.2004).

Accepting Kalajyan's factual allegations as true, she has established past persecution on account of political opinion. The BIA's finding that the persecution Kalajyan and her husband suffered was not on account of political opinion is belied by the record. *See Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000). Because Kalajyan has established past persecution, she is entitled to a rebuttable presumption of a well-founded fear of persecution. *See Kataria v. INS*, 232 F.3d 1107, 1113 (9th Cir.2000). The government made no arguments to rebut the presumption, before the IJ or the BIA. In this situation, we are not required to remand for a determination of whether Kalajyan is eligible for asylum. *See Ndom v. Ashcroft*, 384 F.3d 743, 756 (9th Cir.2004). We hold that Kalajyan is eligible for asylum, and we remand for a discretionary determination of whether she should be granted asylum. *See id.*

Because Kalajyan has established past persecution on account of political opinion, a presumption arises that she is entitled to withholding of removal. *See id.* The government has failed to rebut this presumption. We therefore conclude that it is more likely than not that Kalajyan would be subject to persecution if returned to Armenia. *See id.* Kalajyan is entitled to withholding of removal, and we remand to the agency to grant relief with respect to this claim.

We find Kalajyan's claim for relief under the CAT unpersuasive, because she fails to meet the higher burden of showing that it is more likely than not that she or her husband would be tortured if returned to Armenia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**