**Baljit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–72504.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Mohinder Singh, Esq., Walnut Creek, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, U.S. Department of Justice Employment Litigation Section, Mark L. Gross, Esq., U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Baljit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation, and request for relief under the Convention Against Torture ("CAT"). We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's denial of asylum based on an adverse credibility finding. Singh's testimony about whether he was arrested a third time, the circumstances of his third arrest, and whether his family members were beaten and detained after his departure, was internally inconsistent, and inconsistent with his asylum application. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004). Additionally, in the absence of credible testimo-

ny, Singh's lack of corroborating evidence also undermines his claim. *See Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Singh's claim under the CAT is based on the same testimony that the IJ found not credible, and he points to no other evidence that he could claim the IJ should have considered in making its CAT determination, his CAT claim also fails. *See id.* at 1157.

Finally, Singh's argument that the streamlining process violated his due process rights is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

