**Hamid NASIRI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74261.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Hamid Nasri, Las Vegas, NV, pro se.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Eric W. Marsteller, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Hamid Nasiri, a native and citizen of Iran, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Nasiri's due process challenge to the streamlining process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

Substantial evidence supports the IJ's conclusion that Nasiri did not establish past persecution because the interrogations and the problems he experienced did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003) (concluding that petitioner who was "teased, bothered, discriminated against and harassed" did not suffer past persecution).

Substantial evidence also supports the conclusion that Nasiri did not have a well-founded fear of persecution because he remained in Iran for three years after the incidents that occurred in 1998. *See Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) (concluding that there was no well-founded fear when petitioner remained in country for five years after interrogations without incident).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because Nasiri failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Finally, we conclude that substantial evidence supports the IJ's denial of CAT relief because Nasiri failed to show that it was more likely than not that he would be tortured if he returned to Iran. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**