Mehnaz Shereen AHMED, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71748.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Fernandez–Leon is not petitioning for review of the IJ's denial of his application for asylum.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Leif M. Johnson, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Mehnaz Shereen Ahmed, an ethnically Indian native and citizen of Fiji, petitions

** This disposition is not appropriate for publication and is not precedent except as provid-

for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an Immigration Judge's ("IJ") decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we grant in part and deny in part the petition for review.

■ Substantial record evidence supports the IJ's conclusion that the December 1999 assault on Ahmed, and the harm her family suffered after the May 2000 coup, do not rise to the level of past persecution. *See Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995) (concluding petitioner suffered no past persecution when he was detained by mix of civilian and militarily-clothed ethnic Fijians, beaten, interrogated about his political involvement, and released). Moreover, the record does not compel the conclusion that Ahmed's subjectively genuine fear of future persecution was objectively reasonable. *See id.* at 340 (requiring particularized individual persecution rather than general ethnic discrimination and harassment and concluding that "attacks on family members do not necessarily establish a well-founded fear of persecution absent a pattern of persecution tied to the petitioner[ ]."). We therefore uphold the IJ's determination that Ahmed did not establish eligibility for asylum.

Because Ahmed did not establish eligibility for asylum, it follows that she did not satisfy the more stringent standard of proof for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006). Moreover, substantial evidence

ed by 9th Cir. R. 36–3.

supports the IJ's conclusion that Ahmed did not establish that it is more likely than not that she will be tortured if returned to Fiji, and we uphold the denial of relief under the CAT. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Finally, the IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW GRANTED in part, DENIED in part; REMANDED.**