**FU QANG QUI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73668.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 6, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eugene C. Wong, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Janice K. Redfern, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Fu Qang Qui, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Where, as here, the BIA affirms the IJ's decision without opinion, we review the decision of the IJ. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and deny the petition for review.

Substantial evidence supports the IJ's denial of asylum because any fear Qui may have of future persecution based on the one-child policy is too speculative because Qui is unmarried, has no children, and has not been subjected to any harm. *See id.* at 1018. Moreover, Qui failed to establish

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

a "pattern or practice" of persecution. *See* 8 C.F.R. § 208.13(b)(2)(iii)(A); *see also Kotasz v. INS*, 31 F.3d 847, 852–53 (9th Cir. 1994).

Because Qui did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's conclusion that Qui failed to establish that it was more likely than not that he would be tortured in China. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**