Gustavo Adolfo RECINOS–ASENCIO, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–71643.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 13, 2007.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Thomas Fatouros, Melissa Leibman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Gustavo Adolfo Recinos–Asencio, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") opinion which affirmed without opinion the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where the BIA affirms the IJ's

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

decision without an opinion, we review directly the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the IJ's decision and may reverse only if the evidence compels such a result. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Recinos–Asencio seeks asylum based on his fear that his father's murderers will harm him and his family. Substantial evidence supports the IJ's finding that Recinos–Asencio failed to establish an objectively-reasonable, well-founded fear of future persecution on account of a protected ground. *See id.* at 481–82, 112 S.Ct. 812; *see also Aruta v. INS,* 80 F.3d 1389, 1395–96 (9th Cir.1996).

Because Recinos–Asencio did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

The IJ properly considered and addressed Recinos–Asencio's CAT claim. *See Lopez v. Ashcroft,* 366 F.3d 799, 807 n. 6 (9th Cir.2004). Further, substantial evidence supports the IJ's denial of CAT relief because Recinos–Asencio did not establish that it is more likely than not that he will be tortured if returned to Guatemala. *See Malhi,* 336 F.3d at 993.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.