**Justino ORTEGA–MIGUEL; et al., Petitioners,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 05–72709.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007 \*\*.

Filed Nov. 14, 2007.

Ted Laguatan, Esq., Law Offices of Ted Laguatan & Associates, Daly City, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony P. Nicastro, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL and BYBEE, Circuit Judges, and ZAPATA,\*\*\* District Judge.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

MEMORANDUM ****

Justino Ortega–Miguel, Veronica Ortega, Juan Ortega, and Maria Urquiza timely petition for review of an order from the Board of Immigration Appeals ("BIA") adopting and affirming an Immigration Judge's ("IJ") order denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). This panel has jurisdiction under 8 U.S.C. § 1252. We deny the petitions.

First, Petitioners' opening brief violates Rule 28(a)(9)(A) of the Federal Rules of Appellate Procedure by failing to include "citations to the authorities and parts of the record on which [they] rely." The only authority in the sparse brief appears at page 5, where Petitioners cite *Plyler v. Doe,* 457 U.S. 202, 210, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982), for the familiar proposition that the protections of the Fifth and Fourteenth Amendments extend to unlawfully present aliens. Petitioners cite no other legal authorities, nor do they provide citations to the record. For this reason alone, the petitions for review should be denied.

But furthermore, we reject petitioners' contention that the case should be remanded because mistranslations may have occurred during the lead petitioner's asylum interview and on his asylum application. Petitioners refer to no specific instance of mistranslation, and submit no evidence in support of their contention. We therefore cannot address it. *See Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994). Moreover, the IJ's adverse credibility finding was well-supported by the record, which indicates substantial inconsistencies in Ortega–Miguel's testimony that went to the heart of Petitioners' claims. *Don v. Gonzales,* 476 F.3d 738, 740–41 (9th Cir.2007). The request for asylum was properly denied.

By failing to qualify for asylum, Petitioners necessarily fail to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Substantial evidence also supports the denial of CAT relief because Petitioners did not establish it is more likely than not that they will be tortured if they return to Mexico. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

Moreover, contrary to Petitioners' suggestion, the BIA's streamlining procedures did not violate their right to due process. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

