**FEI YANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73924.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 18, 2008.*

Filed March 25, 2008.

William Kiang, San Gabriel, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margot L. Nadel, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

## MEMORANDUM **

Fei Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. The agency's decision that an applicant has not established eligibility for asylum is reviewed for substantial evidence. *Tang v. Gonzales,* 489 F.3d 987, 989–90 (9th Cir. 2007). We deny in part and grant in part the petition for review.

Substantial evidence supports the IJ's conclusion that Yang failed to establish a well-founded fear of future persecution due to her conversion to Christianity because Yang did not demonstrate that the evidence compels such a finding. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). Therefore, Yang's claim for asylum based on religion fails.

Because Yang does not have a well-founded fear of future persecution, it necessarily follows that she does not qualify for withholding of removal based on religion. *See id.*

The BIA also denied Yang's withholding of removal based on her alleged forced abortion without addressing the IJ's adverse credibility finding. The BIA decided this issue without the benefit of our recent decision in *Tang v. Gonzales,* in which we held that "victims of forced abortion, like victims of forced sterilization, are statutorily entitled to withholding of removal." *Tang,* 489 F.3d at 988. Therefore, in light of *Tang,* we remand Yang's withholding of removal in light of her alleged forced abortion. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.