**Martin ARISTO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71077.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioner.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

District Director, U.S. Department of Justice, Office of the District Counsel, Seattle, WA, Marion E. Guyton, John J. Inkeles, David M. McConnell, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM [**]

Martin Aristo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, we review for substantial evidence, *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004), and we deny the petition for review.

■ Substantial record evidence supports the agency's conclusion that the verbal harassment Aristo repeatedly experienced while walking home from school and the damage to his family's house in 1998 did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995); *Singh v. INS*, 134 F.3d 962, 968 (9th Cir.1998). Substantial record evidence also supports the agency's conclusion that Aristo did not establish a well-founded fear of future persecution. *See*

*Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc).

■ Because Aristo cannot meet his burden to demonstrate eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

■ Moreover, substantial evidence supports the agency's conclusion that Aristo did not establish it is more likely than not that he will be tortured if returned to Indonesia, therefore, we uphold the denial of relief under the CAT. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

