MEMORANDUM **
Paramjit Singh (“Singh”), a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) affirming an Immigration Judge’s (“IJ”) decision to deny Singh’s application for asylum, withholding of deportation, and relief under the Convention Against Torture (“CAT”). Singh contends that the BIA’s adverse credibility determination and the IFs finding that he failed to establish persecution on a protected ground were not based on substantial evidence. We deny the petition.
We review for substantial evidence a finding of adverse credibility. Wang v. INS, 352 F.3d 1250, 1253 (9th Cir.2003). An adverse credibility determination will be upheld when the decision is based on “specific and cogent reasons,” such as inconsistencies in the petitioner’s testimony that “go to the heart of the asylum claim.” Kin v. Holder, 595 F.3d 1050, 1055 (9th Cir.2010). We must uphold the IFs and BIA’s findings unless the evidence presented would compel a reasonable finder of fact to reach a contrary result. See Don v. Gonzales, 476 F.3d 738, 741 (9th Cir.2007).
The inconsistencies in Singh’s testimony regarding his arrests go to the heart of his claim of persecution and are substantial. See Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001).
In his initial application in 1991, Singh listed only a single arrest in 1984 while living in India, while in his subsequent testimony, Singh stated that he had been arrested three times between 1984 and 1986. There were also discrepancies between Singh’s testimony and his personal statement as to when his second arrest occurred.
Singh also submitted to the IJ a letter from his wife that mentioned only two arrests during that same period. Singh’s explanation for the discrepancy — that the missing arrest was not in the newspaper, and that he and his wife were only engaged at the time and just never talked about it-does not compel the conclusion that he is credible. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003). Absent credible testimony, Singh’s asylum and withholding of removal claims also fail. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
For the foregoing reasons, the petition is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.