**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SURINDER P. SINGH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-70951

Agency No. A075-256-411

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012 [**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Surinder P. Singh, a native and citizen of India, petitions for review of a

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that conditions have changed in India such that Singh no longer has a well-founded fear of persecution. *See id.* at 1000-01. The agency rationally construed the recent country reports and provided a sufficiently individualized analysis of Singh's situation. *See id.* Accordingly, Singh's asylum claim fails.

Because Singh did not demonstrate his eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.* at 1001 n.5.

Substantial evidence supports the IJ's denial of CAT protection because Singh failed to establish it is more likely than not he will be tortured in India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). Singh's contention that the agency did not conduct a proper CAT analysis is not supported by the record.

Finally, we lack jurisdiction to consider Singh's humanitarian asylum claim because he failed to raise this issue before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**