Surjit SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75251.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 18, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony Nwosu, Esq., Law Offices of Anthony Nwosu, Emeryville, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum, DOJ-U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Surjit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and may reverse only if the evidence compels a contrary conclusion. *Gonzalez–Hernandez v. Ashcroft,*

** This disposition is not appropriate for publication and may not be cited to or by the

336 F.3d 995, 998 (9th Cir.2003). We deny the petition.

Substantial evidence supports the IJ's finding that government rebutted the presumption that petitioner has a well-founded fear of future persecution in India. The 2002 State Department report, and other reports submitted by petitioner, state that: conditions in Punjab have vastly improved, violence is much reduced, there is no militant activity generally, and even former militants now live a normal life in Punjab. Based on these reports, as well as the fact that petitioner's brother-in-law, who was arrested with petitioner in 1993, has safely remained in India, and the fact that petitioner lived safely in Bombay for over a year after his last arrest, his asylum claim fails. *See id.* at 998–99.

Because petitioner did not establish that he was eligible for asylum, he necessarily fails to establish withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioner also fails to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he was returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

### PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.