HON WING POON; et al., Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72498.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 18, 2006.

Aris Artounians, Law Office of Aris Artounians, Glendale, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., M. Jocelyn Lopez Wright, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Janet A. Bradley, Attorney, DOJ—U.S. Department of Justice Tax Division, Washington, DC, for Respondent.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Hon Wing Poon, a native and citizen of China, and his wife, Yin Loi Ho, a native of Hong Kong and citizen of China, petition for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

38 (1992), and we deny the petition for review.

Substantial evidence supports the BIA's decision that petitioners failed to show a well-founded fear of future persecution. Because there is no evidence that petitioners would suffer a threat of future harm in Hong Kong, and the 2002 State Department Report on China and Hong Kong does not show that petitioners would be susceptible to any harm in Hong Kong, petitioners' asylum claim fails. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003).

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Substantial evidence also supports the BIA's conclusion that petitioners failed to show that it was more likely than not that they will be tortured if returned to China. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.