**Darvin Guillermo MIRANDA–MORALES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71113.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 29, 2006.

Darvin Guillermo Miranda–Morales, Denver, CO, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Jamie M. Dowd, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Julian S. Greenspun, DOJ—U.S. Department of Justice Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Darvin Guillermo Miranda–Morales (Miranda–Morales), a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit *except as provided by* 9th Cir. R. 36–3.

714

("IJ") denial of his application for withholding of removal, protection under the Convention Against Torture ("CAT"), and his request for voluntary departure.

We lack jurisdiction to review the BIA's discretionary denial of Miranda–Morales' request for voluntary departure. *See* 8 U.S.C. § 1229c(f); *see also Oropeza–Wong v. Gonzales,* 406 F.3d 1135, 1141 (9th Cir. 2005).

We have jurisdiction over the remaining claims under 8 U.S.C. § 1252. Where the BIA adopts the IJ's decision while adding its own reasons, we review both decisions. *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence, *see INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the remaining claims.

Substantial evidence supports the BIA's denial of withholding of removal because Miranda–Morales failed to establish a clear probability of persecution in Guatemala on account of a protected ground. *See id.* at 482–83, 112 S.Ct. 812; *see also Garcia–Ramos v. INS,* 775 F.2d 1370, 1373 (9th Cir.1985) (concluding that petitioner's evidence failed to establish the requisite probability of persecution).

Substantial evidence also supports the BIA's denial of CAT relief because Miranda–Morales did not establish that it is more likely than not that he will be tortured if returned to Guatemala. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**