**Maria Gemma Ortiz AQUINO,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

Nos. 04–71363, 04–75458, 04–74282.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 2007.

Filed Aug. 23, 2007.

Gary J. Kim, Dena J. Roche, Esq., Cindy C. Yu, Esq., Korenberg Abramowitz & Feldun A Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Jonathan Robbins, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT and RAWLINSON, Circuit Judges, and KING,* District Judge.

MEMORANDUM **

Maria Gemma Ortiz Aquino (Aquino), a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeal's (BIA's) decisions (1) denying asylum, withholding of deportation, and relief under the Convention Against Torture (CAT), and (2) denying a motion to reopen and subsequent motion for reconsideration, seeking a remand to allow her to apply for adjustment of status based upon a recent marriage to an American citizen. We deny the petition.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

## I.

█ Aquino's asylum claim based upon past persecution of family members is undercut by evidence that Aquino's father lived in the Philippines unharmed until his death of natural causes in 2002, and that her mother has lived in the Philippines unharmed by Marcos sympathizers since 1992. *See, e.g., Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001). Moreover, there is little if any evidence that Marcos sympathizers would impute her family's political opinion to Aquino, and no evidence that they are a group the current government cannot control. *See Singh v. INS,* 94 F.3d 1353, 1359 (9th Cir.1996).

The BIA's decision is also supported by a change in country conditions. The Marcos regime has not been in power since 1986. It is not objectively reasonable based upon the evidence in the record that Aquino would have a well-founded fear of persecution from Marcos sympathizers now. Such a fundamental change in country conditions rebuts any presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1)(i); *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003). The BIA's decision is supported by substantial evidence; the evidence does not compel a conclusion that Aquino has a well-founded fear of future persecution on account of political opinion (either hers or that imputed to her). *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Aquino did not establish that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

The CAT claim also fails. The record contains no evidence of torture, much less evidence Aquino would suffer torture by, or with the consent of, a government official. *See Azanor v. Ashcroft,* 364 F.3d 1013, 1019 (9th Cir.2004).

## II.

█ Although the record contains ample evidence that Aquino married an American citizen, the evidence does not establish the proper "motivation for marriage" under factors discussed in *Malhi v. INS,* 336 F.3d 989, 994 (9th Cir.2003). Immigration laws presume a marriage during removal proceedings was entered into for the purpose of "procuring the alien's admission as an immigrant." *See* 8 U.S.C. § 1255(e)(3); 8 C.F.R. § 204.2(a)(1)(iii)(A)–(B). To overcome the presumption, a motion to reopen during removal proceedings must present clear and convincing evidence indicating a strong likelihood that the marriage is "bona fide." *Malhi,* 336 F.3d at 994. Because we agree that the evidence was not sufficient to overcome the presumption, the BIA did not abuse its discretion in refusing to reopen to allow Aquino to seek adjustment of status. *Id.* at 993.

Aquino's subsequent Motion to Reconsider Denial of Motion to Reopen contained similar information as in the prior motion. Again, the evidence is of the fact of marriage and not of the "motivation for marriage." The BIA did not abuse its discretion in treating this second motion as seeking the same relief as the first motion to reopen and therefore being barred by a numerical limitation. *See* 8 U.S.C. § 1255(e)(3); 8 C.F.R. § 1003.1(b)(2); 8 C.F.R. § 1003.2(c)(2).

Aquino's argument that her motion to reopen need only have produced a prima facie case for relief is foreclosed by *Malhi,* wherein the Ninth Circuit reasoned that "[o]n a motion to reopen or remand for adjustment of status premised on a marriage that occurred during deportation

proceedings, the motion must present clear and convincing evidence indicating a strong likelihood that the petitioner's marriage is bona fide." 336 F.3d at 993–94 (internal editorial marks omitted). The BIA did not abuse its discretion in refusing to reopen proceedings.

**PETITION DENIED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.