**DONG AN YANG, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 06–74386.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007.\*\*

Filed Nov. 26, 2007.

Law Offices of Farah Loftus, Century City, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anthony V. Teelucksingh Fax, U.S. Department of Justice, Criminal Division/Appellate Section, Washington, DC, for Respondent.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ and WARDLAW, Circuit Judges, and MILLS ***, District Judge.

MEMORANDUM ****

Dong An Yang, a Chinese citizen and practitioner of Falun Gong, petitions for review of an order of the Board of Immigration Appeals summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

■ We review the IJ's determination that an applicant has not established asylum eligibility for "substantial evidence." *Zi Tang v. Gonzales*, 489 F.3d 987, 989–90 (9th Cir.2007). The IJ found that Yang was not a credible witness. An adverse credibility determination must be based on "specific, cogent reasons" found in the record. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006). The REAL ID Act of 2005 ("the REAL ID Act") describes the bases upon which an IJ may make an adverse credibility determination in applications for relief, such as Yang's, filed after May 11, 2005.[1] 8 U.S.C. § 1158(b)(1)(B)(iii). The REAL ID Act, however, did not alter our substantial evidence standard of review.

Here, the IJ based its adverse credibility determination upon specific and cogent reasons satisfying our precedent. Yang submitted falsified police reports purporting to memorialize his persecution. Yang also provided implausible testimony about his commitment to Falun Gong. Although he stated that he would continue to practice Falun Gong in China, even under the threat of death, he admitted that he did not practice it while in the United States. These inconsistencies provided the IJ with a "legitimate articulable basis to question the petitioner's credibility." *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003).

■ Without credible testimony, Yang did not meet his burden of proof to establish asylum eligibility. 8 U.S.C. § 1158(b)(1)(B)(i). Because Yang cannot meet the lower standard of eligibility for asylum, he has also failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Nor has Yang met his burden to establish that he "more likely than not" would be tortured if removed to China. 8 C.F.R. § 208.16(c)(2). The IJ properly denied his CAT claim.

**PETITION FOR REVIEW DENIED.**

---

*** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Inexplicably, the Department of Justice failed to brief the applicability of the REAL ID Act. Resolution of this case, however, does not turn on the Act's applicability, so we need not address the government's waiver of the Act here.