**Amandeep KAUR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70743.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2008.

Filed March 12, 2008.

Berzon, Circuit Judge, dissented and filed opinion.

---

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Harry R. Marshall, Jr., Office of International Affairs, U.S. Dept. of Justice–Criminal Div., Washington, DC, for Respondent.

Before: GRABER and BERZON, Circuit Judges, and WILKEN,* District Judge.

#### MEMORANDUM **

Amandeep Kaur petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal of an immigration judge's ("IJ") decision that denied her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and ordered her removal to India, her country of citizenship. We conclude that the evidence does not compel the conclusion that Kaur carried her burden of proving either past persecution or a well-found-

ed fear of future persecution, and so we deny the petition for review. See 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(a); see also Sangha v. INS, 103 F.3d 1482, 1486 (9th Cir.1997).

An applicant seeking relief from removal "may establish h[er] case through h[er] own testimony alone," if that testimony provides "credible, direct, and specific evidence" demonstrating her eligibility. Sangha, 103 F.3d at 1487 (internal quotation marks omitted). Although the IJ mentioned credibility concerns regarding Kaur's testimony, the BIA's opinion is silent on the issue of credibility. Therefore, we may presume that the BIA found Kaur's testimony to be truthful. See Krotova v. Gonzales, 416 F.3d 1080, 1084 (9th Cir.2005).

Kaur's testimony, however, failed to provide "direct[ ] and specific evidence" of treatment by the police that rises to the level of past persecution. Although Kaur testified that the police "tried to rape me," this conclusory statement did not establish persecution per se. See Boer–Sedano v. Gonzales, 418 F.3d 1082, 1088 (9th Cir. 2005) ("Whether particular acts constitute persecution for asylum purposes is a legal question, which we review de novo. We have held that sexual assault ... may constitute persecution." (citation omitted; emphasis added)). The only specific facts regarding the attempted rape that Kaur reported are that a police officer, whom Kaur described as "drunk," "took [her] to his office" and "tor[e] off [her] blouse," at which point, Kaur said, she "started crying," after which the officer "slapped me on the face and pulled my hair" and then "left." These facts do not establish that the treatment Kaur experienced was of comparable severity to those incidents of

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sexual assault that, in prior cases, we have held constituted persecution. *See, e.g., id.* at 1088 (nine incidents of forced oral sex); *Li v. Ashcroft,* 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (forced thirty-minute "pregnancy examination"); *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1097 (9th Cir.2000) (one incident of forced anal sex and one incident of forced oral sex). The BIA was not compelled to conclude on the facts here that Kaur produced evidence sufficient to establish past persecution.

Because she failed to demonstrate past persecution, Kaur is not entitled to a presumption of a well-founded fear of future persecution. *See Chand v. INS,* 222 F.3d 1066, 1073 (9th Cir.2000). Without such a presumption, Kaur is required to produce evidence establishing that she has an objectively reasonable fear of future persecution upon her return to India. *See Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003). The record does not show that, since Kaur's departure, any of her similarly situated family members have been detained by the police, nor is there any other evidence that Kaur will be targeted for persecution should she return. The BIA was not compelled, therefore, to conclude that Kaur established an objectively reasonable fear of persecution. *See Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir. 2001). Because Kaur failed to establish that she was eligible for asylum, she necessarily failed to establish eligibility for withholding of removal. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Nor did Kaur establish that it is more likely than not that she will be tortured in India. The treatment that she experienced in India did not amount to torture, *Al–Saher v. INS,* 268 F.3d 1143, 1146–47 (9th Cir.2001), and she produced no evidence that she will be tortured in the future, so the BIA also did not err in concluding that Kaur was not eligible for protection under the CAT, *see Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

BERZON, Circuit Judge, dissenting:

I respectfully dissent.

It is impossible to tell from the BIA's extremely cursory opinion in this case the legal and factual grounds for its decision. In particular, neither the BIA nor the IJ mentioned in their analysis that Kaur testified that the government official who ripped off her blouse was attempting to rape her, so we cannot tell whether and how that evidence was taken into account. On that basis alone, I would remand to the BIA for explicit consideration of the critical attempted rape testimony. *See Stoyanov v. INS,* 172 F.3d 731, 736 (9th Cir. 1999) ("[T]he BIA must provide a reasoned analysis of the legal basis for its holding, specifying as well the particular facts on which that holding relies."). More specifically:

I agree with the majority that because the BIA was silent on the issue of credibility, we presume that Kaur was credible. *See Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir.2005). That presumption means to me that we assume that the police officer actually did attempt to rape Kaur, as that is what she said. *Ladha v. INS,* 215 F.3d 889, 900 (9th Cir.2000) ("[W]hen an alien credibly testifies to certain facts, those facts are deemed true. . . .").

Absent any other explanation, it appears that the BIA's opinion could well have been grounded in the understanding that an attempted rape is, in general, not sufficient to establish past persecution. The question of whether the BIA correctly so determined is a legal question that we review *de novo. See Boer–Sedano v. Gonzales,* 418 F.3d 1082, 1088 (9th Cir.2005). Doing so, I would hold under our precedents that the attempted rape could consti-

tute past persecution, and remand for consideration of whether it did so here.

An act may constitute persecution even when it is attempted rather than actually completed. *See, e.g., Meza–Manay v. INS,* 139 F.3d 759, 764–765 (9th Cir.1998). Thus, a determination that only considered the severity of the mistreatment that the police officer actually inflicted on Kaur, without taking into account what he attempted to do, i.e., rape her, is an invalid basis for the BIA's decision.

The majority seemingly concludes that even considering the incident as an actual attempted rape, the facts in the record do not compel a finding that Kaur was persecuted. That may be. But there is no indication in the record that the BIA made such a determination, so this cannot be the basis for denying her petition. *Navas v. INS,* 217 F.3d 646, 658 n. 16 (9th Cir.2000) ("[T]his court cannot affirm the BIA on a ground upon which it did not rely."). The IJ never acknowledged that Kaur testified that the police officer was trying to rape her, and the BIA only stated that it "agree[d]" with the IJ's determination that Kaur did not establish past persecution, again without acknowledging Kaur's testimony regarding attempted rape. So we have no reason to believe the BIA took the fact of an attempted rape into account at all. Rather than "guess at the theory underlying the ... BIA's opinion," *Recinos de Leon v. Gonzales,* 400 F.3d 1185, 1194 (9th Cir.2005) (quotation omitted), I would remand for clarification of the basis of the opinion, including explicit consideration of the testimony concerning attempted rape.