**Robert Hasiholan SIMBOLON, aka Robert Agustinus, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71209.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Karen L. Barr, Seattle, WA, for Petitioner.

Lyle Davis Jentzer, Kurt B. Larson, Mona Maria Yousif, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald

E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Robert Hasiholan Simbolon, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, we review for substantial evidence, see Singh v. Ashcroft, 367 F.3d 1139, 1143 (9th Cir. 2004), and we deny the petition for review.

Substantial record evidence supports the agency's conclusion that the mistreatment Simbolon suffered during the May 1998 riots did not rise to the level of persecution, see Prasad v. INS, 47 F.3d 336, 339–40 (9th Cir.1995), and the damage to his farm was not on account of a statutorily protected ground, see Sangha v. INS, 103 F.3d 1482, 1486–87 (9th Cir. 1997). Substantial record evidence also supports the conclusion that Simbolon did not establish a well-founded fear of future persecution. See Lolong v. Gonzales, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc) (requiring some evidence of unique risk of persecution distinct from mere membership in disfavored group).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Simbolon cannot meet his burden to demonstrate eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir.2004).

Moreover, substantial evidence supports the BIA's conclusion that Simbolon did not establish it is more likely than not that he will be tortured if returned to Indonesia, therefore, we uphold the denial of relief under the CAT. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**