**Ventje NELWAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–70489.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008 *.

Filed Sept. 8, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioner.

Mary Jane Candaux, Carol Federighi, Esq., Senior Litigation Counsel, Kurt B. Larson, OIL, Julie Pfluger, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

R.App. P. 34(a)(2).

**600**

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Ventje Nelwan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, we review for substantial evidence, *Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc), and we deny the petition for review.

Substantial record evidence supports the BIA's conclusion that Nelwan did not establish a well-founded fear of future persecution. *See Lolong,* 484 F.3d at 1181 (requiring some evidence of unique risk of persecution distinct from mere membership in disfavored group). Accordingly, Nelwan is not eligible for asylum.

Because Nelwan cannot meet his burden to demonstrate eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004). Moreover, substantial evidence supports the BIA's conclusion that Nelwan did not establish it is more likely than not that he will be tortured if returned to Indonesia, and we uphold the denial of relief under the CAT. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lastly, Nelwan waived his cancellation of removal claim by failing to address it in his opening brief. *See Chebchoub v. INS,* 257 F.3d 1038, 1045 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**