**Teguh WULUNG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74560.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008 *.

Filed Sept. 29, 2008.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sarah D. Himmelhoch, Esq., DOJ—U.S. Department of Justice, Environmental Enforcement Section, Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Teguh Wulung, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Even if Wulung established extraordinary circumstances to excuse his untimely filed asylum application, substantial evidence supports the agency's finding that Wulung's experiences did not constitute past persecution. *See id.* at 1016–18. Substantial evidence also supports the agency's finding that Wulung failed to demonstrate a well-founded fear of future persecution because he did not demon-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

strate an individualized risk of persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Additionally, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Christian Indonesians. *See id.*

Because Wulung failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's determination that Wulung is not entitled to CAT relief because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**