**Benny DARMADI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75667.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 20, 2008.

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM **

Benny Darmadi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Tor-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The agency denied Darmadi's asylum application as time barred. Darmadi does not challenge this finding.

Substantial evidence supports the agency's denial of withholding of removal because Darmadi's experiences did not constitute past persecution. *See id.* at 1016–18. Even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, Darmadi failed to establish that it was more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir.2003).

Substantial evidence also supports the agency's determination that Darmadi is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.