MEMORANDUM **
Ashot Kesapyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order de *535 nying his motion to remand to apply for adjustment of status, and dismissing his appeal from an immigration judge’s order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252.
We review for substantial evidence factual findings, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), we review for abuse of discretion the denial of a motion to remand, Malhi v. INS, 336 F.3d 989, 992-93 (9th Cir.2003), and we review de novo due process claims, Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000). We deny in part and grant in part the petition for review, and we remand.
Substantial evidence supports the agency’s adverse credibility determination because Kesapyan submitted a fraudulent letter documenting that he was a member of a church in Armenia and this went to the heart of his claim. See Desta v. Ashcroft, 365 F.3d 741, 745 (9th Cir.2004). Substantial evidence also supports the agency’s adverse credibility determination because Kesapyan’s testimony regarding whether the armed men who came to his house knew he was Christian was internally inconsistent, see Li, 378 F.3d at 962. Kesapyan failed to adequately explain this inconsistency when given the opportunity, see Kaur v. Gonzales, 418 F.3d 1061, 1066-67 (9th Cir.2005), and it goes to the heart of his claim, see Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, Kesapyan’s asylum claim fails.
Because Kesapyan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Because the BIA adopted and affirmed the IJ’s decision, Kesapyan’s due process claim as to CAT fails. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (explaining that there is no due process violation where there is no error).
The BIA erred in denying Kesapyan’s motion to remand to adjust status solely on the basis that the government objected to it. See Ahmed v. Mukasey, 548 F.3d 768, 772 (9th Cir.2008). Accordingly, we grant the petition for review as to Kesapyan’s motion to remand, and we remand to the BIA for further proceedings consistent with this disposition.
PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.
ORDER
The memorandum disposition filed on September 24, 2008, 294 FedAppx. 371, is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.
Petitioner’s petition for panel rehearing is denied as moot.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.