**TAN GIOK TJAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–73532.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 23, 2010.

David M. Haghighi, Esquire, Houman Varzandeh, VHF Law Group, LLP, Los Angeles, CA, for Petitioner.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

OIL, Anthony W. Norwood, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Tan Giok Tjan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004), and we deny the petition for review.

Substantial record evidence supports the BIA's conclusion that the mistreatment Tjan suffered while living in Indonesia did not rise to the level of past persecution. *See Singh v. INS,* 134 F.3d 962, 965–69 (9th Cir.1998) (repeated vandalism of Indo–Fijian's property, with no physical injury, not persecution); *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (harassment, threats, and one beating unconnected with any particular threat did not compel finding that ethnic Albanian suffered past persecution in Kosovo).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir.2004), applies to Tjan, he has not demonstrated the requisite individualized risk of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184–85 (9th Cir. 2003). Thus, substantial evidence supports the BIA's conclusion that Tjan did not establish a well-founded fear of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc) (showing of individualized risk requires more than a general undifferentiated claim of the type of fears common to the religious group).

Because Tjan did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir.2006). Substantial evidence also supports the BIA's denial of CAT relief because Tjan failed to establish it is more likely than not that he will be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Lastly, contrary to Tjan's contention, the agency's decisions were supported by the record and sufficiently reasoned for us to review. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 (9th Cir.2004) (agency does not have to write an exegesis on every contention).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.