NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHINDA SINGH,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.  16-71345
      16-73291

Agency No. A099-062-012

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 20, 2018**
San Francisco, California

Before:  M. SMITH, NGUYEN, and BENNETT, Circuit Judges.

Petitioner Shinda Singh ("Singh") seeks review of decisions of the Board of

Immigration Appeals ("BIA") upholding the denial of his claims for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT"), and denying his motion to reopen removal proceedings. We have

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252(a)(1) & (b)(6). We deny Singh's petition for review of the judgment of the BIA denying his claims for humanitarian asylum, protection under CAT, and to reopen his removal proceedings. However, we grant his petition for review and remand his withholding of removal and asylum claims to the BIA for an individualized analysis of Singh's ability to relocate in light of *Singh v. Whitaker*, Nos. 16-70823/16-72285, 2019 WL 310400 (9th Cir. Jan. 24, 2019).

I.      **Asylum and Withholding of Removal**

Singh asserted a claim for asylum and withholding of removal on the basis of an imputed political opinion. Singh maintains that he will face persecution anywhere in India because authorities believe (incorrectly) that he is a member of a Khalistan separatist group advocating for an independent Sikh state. The BIA assumed that Singh established past persecution but dismissed his asylum appeal and his petition for withholding of removal on the ground that the immigration judge ("IJ") did not clearly err in finding that he could reasonably relocate within India.

On January 24, 2019, we decided a substantially similar case. *Singh*, 2019 WL 310400. In *Singh v. Whitaker*, the petitioner, Narinder Pal Singh, was Sikh and a member of the Mann Party, which "advocates for Sikh rights and an independent Khalistan state." *Id.* at *2. We found that the BIA did not conduct a sufficiently

individualized analysis of Singh's ability to relocate within India for two reasons.

First, while the BIA examined whether Punjabi police from Narinder Pal Singh's original town were likely to follow him outside of Punjab, the BIA did not examine whether he would face persecution outside of Punjab based on his political opinion. *Id.* at *5. We noted that Punjabi police may "wrongly place individuals involved in ordinary political activity on chronic offender lists." *Id.* We also noted the existence of a tenant registration system in India. *Id.* The BIA "erred by failing to address the potential harm Congress Party members, or other local authorities, might inflict upon Singh in a new state." *Id.*

Second, we found that the BIA did not specifically address Narinder Pal Singh's intent to continue political advocacy for the Mann Party when it found he could safely relocate in India outside Punjab. *Id.* "Thus, the BIA's analysis regarding whether Singh could reasonably relocate was inadequate." *Id.* (citing *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214–15 (9th Cir. 2004)). We remanded the asylum and withholding of removal claims for a reasoned analysis with respect to the petitioner's individualized situation. *Id.*

Here, Singh's imputed political opinion is as a separatist. Here, also, the BIA upheld the IJ's findings that "Respondent is unlikely to be pursued by police outside of Punjab." While the BIA considered religious freedoms for Sikhs throughout India, it did not specifically address the possibility of Singh's future

3

persecution outside Punjab because of his imputed political opinion as a separatist. *See Popova v. INS*, 273 F.3d 1251, 1259-60 (9th Cir. 2001) (holding "general" information insufficient to rebut presumption of future persecution on a specific, individualized ground).

For these reasons, we grant Singh's petition to review his claims for asylum and withholding of removal and remand this case to the BIA for consideration in light of *Singh v. Whitaker*, 2019 WL 310400.[1]

## II.    Humanitarian Asylum

We reject Singh's claim of humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii). Singh's allegation of threats and incidents of physical abuse, while sufficient to establish past persecution, does not fall within the "rare situations of 'atrocious' persecution'" necessary for a petitioner to be eligible for humanitarian asylum. *Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999).

## III.    Convention Against Torture

Finally, we reject Singh's claim for protection under CAT. Substantial evidence supports the agency's determination that Singh did not establish that he would more likely than not be tortured if removed to India.

---

[1] The IJ found that "the respondent did not testify in a credible manner." The BIA stated that the IJ's findings of fact were not "clearly erroneous." However, it presumed Singh's credibility. The BIA is not required to again presume Singh's credibility on remand and is permitted to consider any facts that it finds are not clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i).

## IV. Motion to Reopen Proceedings

The BIA did not err by denying Singh's motion to reopen. Singh's motion was based on his marriage to a United States citizen while his removal proceedings were pending and his subsequent claim for adjustment of status. Singh failed to present "clear and convincing evidence indicating a strong likelihood" that the marriage was bona fide. *Malhi v. INS*, 336 F.3d 989, 993–94 (9th Cir. 2003) (quoting *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002)). Contrary to Singh's argument, the BIA's application of the fraudulent marriage presumption recognized in *Velarde* and 8 C.F.R. § 204.2(a)(1)(iii) did not violate his right to due process.

Each party shall bear its own costs on appeal.

**PETITION GRANTED AND REMANDED IN PART; DENIED IN PART.**